IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TRACY CONDRON,

               Petitioner,        Civil No. 04-183-TC

              v.                FINDINGS AND
                               RECOMMENDATION

SHARON BLACKLETTER,

              Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon department of Corrections pursuant to a judgment dated May 24, 1995, from the Marion County Circuit Court after a conviction for Kidnapping in the First Degree. Following a jury verdict, the

1 - FINDINGS AND RECOMMENDATION

court sentenced petitioner to 132 months' imprisonment.[1]

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. The appellate judgment issued on December 24, 1996. Exhibit 102.

On September 1, 1998, petitioner filed a petition for post-conviction relief, Exhibit 103[2], but the Umatilla County Circuit Court denied relief. Exhibit 103. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. The appellate judgment issued on January 8, 2004. Exhibit 104.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging "Ineffective Assistance of Counsel, Prosecutorial Misconduct, (and) Illegal Sentence." Petition (#2) p. 3.

---

[1]Although not under attack in this proceeding, petitioner is also in ODOC custody pursuant to a judgment dated May 13, 1996from the Marion County Circuit Court after convictions for three counts of Rape in the First Degree and three counts of Sodomy in the First Degree. After pleading guilty to those offenses, the court sentenced petitioner to three consecutive 130 month terms of imprisonment on the Rape convictions and a concurrent 130 month term of imprisonment on the Sodomy convictions.

[2]Petitioner signed his petition on August 20, 1998. Exhibit 103. The OJIN Register for Umatilla County shows that Case No. CV 980956 was filed on September 1, 1998. Supplemental Exhibits (#79) Exhibit 105. The difference is immaterial for purposes of this analysis

Respondent moves to deny relief and dismiss this proceeding on the ground that petitioner did not file his petition within the time allowed by 28 U.S.C. § 2254. Response (#10) p. 1.

Petitioner argues: This Court should deny Respondent's request to dismiss the case based on the statute of limitations. Mr. Condron was severely mentally ill throughout most of the time when the statute of limitations was purportedly running. Specifically, Mr. Condron suffered from a multiple personality disorder. This Court should find that the limitations period is equitably tolled during that period of time and as consequence, the instant petition is timely." Reply (#72) p. 1-2.

The one year statute of limitations for filing a habeas corpus petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. Bills v. Clark, 628 F.3d 1096 (9th Cir. 2010)(citing Holand v. Florida, 560 U.S. __, 130 S.Ct. 2549 (2010)). To be entitled to equitable tolling, a petitioner must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. At 2562 (quoting Pace v.

3 - FINDINGS AND RECOMMENDATION

DiGuglielmo, 544 U.S. 408, 418 (2005)).

A petitioner claiming equitable tolling must demonstrate a casual connection between the alleged extraordinary circumstance and the failure to timely file the petition, by showing that the extraordinary circumstance made it "impossible" for the petitioner to timely file the petition. *Bills*, 628 F.3d at 1100-1101 & n. 3; Bryant v. Arizona Atty. General, 499 F.3d 1056, 1061 (9th Cir. 2007).

In Calderon v. United States, the court acknowledged a "habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control" to justify equitable tolling pending a competency hearing. 163 F.3d 530, 541 (9th Cir. 1998), *rev'd on other grounds by Woodford v Garceau*, 538 U.S. 202 (2003)9regarding AEDPA's effective date).

In *Bills*, the Ninth Circuit held that eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two part test:

> (1) *First*, a petitioner must show his mental impairment was an 'extraordinary circumstance' beyond his control, *see Holland, 130 S.Ct. At 2562,* by demonstrating the impairment was so severe that either
>     (a) petitioner was unable rationally or factually to personally understand the need to

4 - FINDINGS AND RECOMMENDATION

timely file, or

(b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

(2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonable access to assistance. *See id.*

*Bills*, 628 F.3d at 1100.

The parties agree that March 24, 1997, is the appropriate date from which to calculate the limitations period in this case. *See*, Response (#10) p. 2 and Reply (#72) p. 3. Thus, petitioner had one year from March 24, 1997, excluding any time during which a state post-conviction case was pending to file a federal habeas corpus petition. 28 U.S.C. § 2244(d). Petitioner signed a petition for post-conviction relief on August 20, 1998. Exhibit 103.

Between March 24, 1997, and August 20, 1998, 514 days elapsed. Time elapsed after finality and before collateral filing, and time after the final collateral disposition and before federal filing counts against the one year statute of limitations. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

The statutory tolling for state post-conviction

5 - FINDINGS AND RECOMMENDATION

proceedings does not save petitioner's petition in this case. The statute of limitations for filing a petition under 28 U.S.C. § 2254 had already expired by the time petitioner filed his state post-conviction action.

Thus, in order to be considered timely due to equitable tolling, petitioner must establish that during the period between March 24, 1997, and March 24, 1998,[3] his mental impairment made it impossible for him to file and that he diligently pursued his claims to the extent he could understand them.

Petitioner alleges that for the "first four or five years" of his incarceration in 1996, he suffered from a mental disorder (dissociative amnesia). Reply (#16) p. 3, and Exhibit B at 2. Petitioner also references medical records starting in March, 1991, to establish a history of mental illness. *Id*, p. 6-8. Petitioner further notes that prison records do not indicate that he received any treatment for his mental illness until a "self referral" in October 2000. *Id*.

To the extent petitioner is arguing that his mental

---

[3]And/or during some portion of the 149 days until August 20, 1998, when the statutory tolling due to the filing of the state post-conviction proceeding commenced.

impairment made it impossible for him to pursue his claims during the "first four or five years" of his incarceration, his argument is refuted by the fact that he filed a state post-conviction case on September 1, 1998, and participated in that litigation through the trial which was conducted on May 20, 2001.

The critical specific period relevant to the statute of limitations analysis is March 24, 1997 until March 24, 1998. However, the medical records submitted by petitioner do not show that he had a mental impairment that rendered him unable to file for PCR or federal habeas corpus between March 24, 1997 and March 24, 1998. The closest psychiatric evaluation to that date is the evaluation by Dr. Suckow on January 7, 1996. Exhibit A p. 51 - 55. Dr. Suckow concluded that petitioner "has no mental major illness." Id., p. 55.

Mental Health Medication Progress Notes from October 12, 2000, state that petitioner had a history of bipolar disorder, but the disorder was "in remission for [the] past 5-6 years." Exhibit A, p. 57. The records make no note of dissociative amnesia or any other condition that would prevent petitioner from pursuing his claims between March 24, 1997 through March 24, 1998.

7 - FINDINGS AND RECOMMENDATION

Petitioner's Reply (#72) focuses on a diagnosis of multiple personality disorder, but he has not presented any medical records concerning that disorder after 1992. Prison "Mental Health Progress Notes" on May 24, 2004, indicate that petitioner identifies himself as having a multiple personality disorder, but state that no psychological symptoms are present. Exhibit A, p. 62.

I find that petitioner has not met his burden of establishing that a mental disorder caused his failure to timely file between March 24, 1997 and March 24, 1998.

Based on all of the foregoing, I find that petitioner has failed to meet his burden of proving that a mental disorder caused his failure to file his federal petition within the statute of limitation and that his claims in this proceeding are time barred. Petitioner's Petition (#2) should be denied.

Petitioner's alternative request for an evidentiary hearing should be denied. I find that petitioner's history of mental illness fails to establish entitlement to equitable tolling or that he was diligently pursuing his claims during the critical time period in this case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this **23** day of November, 2011.

Thomas M. Coffin
United States Magistrate Judge