IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRACY CONDRON,<br><br>               Petitioner,<br><br>    v.<br><br>SHARON BLACKLETTER,<br><br>               Respondent. | Civ. No. 04-183-TC<br><br>ORDER |

Aiken, Chief Judge:

    Magistrate Judge Coffin filed his Findings and Recommendation on November 23, 2011. Magistrate Judge Coffin recommends that the petition for writ of habeas corpus be denied and the case be dismissed, finding that petitioner's claims were brought after the one-year statute of limitations period under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d)(1). The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

-1-   ORDER

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Petitioner has filed timely objections to the Findings and Recommendation. I have, therefore, given de novo review of Judge Coffin's rulings.

I agree that the petition was filed after the applicable limitations period and that equitable tolling is not applicable. Equitable tolling under the AEDPA is appropriate "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation omitted); see also Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Further, the petitioner must show that the extraordinary circumstances actually caused the untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Finally, the petitioner must also show that "he as been pursuing his rights diligently." Holland, 130 S. Ct. at 2562.

The Ninth Circuit has formulated a test to determine whether a petitioner establishes eligibility for equitable tolling:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either

-2-   ORDER

>> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations omitted). Equitable tolling is thus "unavailable in most cases," and the threshold for its application is "very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

Petitioner argues that he had several, untreated mental disorders and suffered a lapse of memory caused by disassociative amnesia which rendered him unable to vindicate his federal constitutional rights during the relevant time period. I find petitioner's argument unpersuasive.

Notably, petitioner pursued post-conviction relief in the state courts despite his alleged psychological disorders, and as Magistrate Judge Coffin explains, petitioner's medical records do not reveal a severe mental impairment to support equitable tolling for the time period between March 24, 1997 and March 24, 1998. In fact, an evaluation conducted one year prior, on January 7, 1996,

concluded that petitioner "has no mental major illness" and could participate in courtroom proceedings. Ex. A, pp. 50-54. Further, petitioner filed a state post-conviction proceeding on September 1, 1998 and participated in that litigation. Exs. 103, 105-07. The fact that petitioner claims his illness remained untreated does not satisfy the high burden of establishing a severe mental impairment for purposes of equitable tolling. I therefore agree that petitioner fails to establish that a mental disorder caused his failure to timely file a petition between March 24, 1997 and March 24, 1998.

Therefore, IT IS HEREBY ORDERED that Magistrate Judge Coffin's Findings and Recommendation (doc. 81) filed November 23, 2011, is ADOPTED. The Petition for Writ of Habeas Corpus (doc. 2) is DENIED, and this case is DISMISSED.

### Certificate of Appealability

Should petitioner appeal, a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).
IT IS SO ORDERED.

Dated this 15th day of February, 2012.

_____
Ann Aiken
United States District Judge

-4-   ORDER